**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*In Admiralty*

| | | |
|---|---|---|
| LAURENCE LEONARD | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Civil No.: 23-2408 |
| | * | |
| M/V "ST. PETER", *her engines, tackle, appurtenances, etc. in rem;* | * | |
| | * | |
| and | * | |
| | * | |
| STEFAN PETER, *in personam* | * | |
| | * | |
| *Defendants*. | * | |

* * * * * * * * * * * * * * * * * *   *   * * * * * * * * * * * * * * * * * *

**VERIFIED COMPLAINT IN REM**

Plaintiff Laurence Leonard, by and through his attorneys Todd D. Lochner, Chase A. Eshelman and Lochner Law Firm, P.C., files this Verified Complaint *in rem and quasi in rem* against the Motor Yacht "St. Peter", a 2016 44' Riva Rivarama 44 Super, USCG Official No. 1266283, Hull Identification No. XFARRRC4I516 ("the Yacht)", and *in personam* against Stefan Peter, and states in support thereof states as follows:

**Summary of Action**

This action arises from Plaintiff's delivery of the Yacht, which at all relevant times was owned by Defendant Stefan Peter. More specifically, Defendant Stefan Peter entered into a maritime contract with Plaintiff for Plaintiff to deliver the Yacht from Beaufort, North Carolina to Annapolis, Maryland. Defendant Stefan Peter agreed to pay Plaintiff's agreed rate of $650 per day, plus Plaintiff's expenses. When Plaintiff arrived to the Yacht, the same was not in seaworthy

-1-

condition, and as a result, Plaintiff provided necessaries to the Yacht in the form of labor and parts to render the same seaworthy and fit for deliver. Upon the delivery of the Yacht to Annapolis, Maryland, Defendant Stefan Peter refused to pay Plaintiff for his delivery services and the necessaries he furnished to the Yacht on the credit of the Yacht, necessitating this action.

## Jurisdiction and Venue

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333.

3. Pursuant to Admiralty Rule C(2)(c), Plaintiff states that the Yacht is believed to currently be within the jurisdiction of the United States District Court for the District of Maryland; to wit, the Yacht currently lies at Bert Jabin Yacht Yard in Annapolis, Maryland. The Yacht's presence within the District provides this Court its *in rem* jurisdiction over the Yacht.

4. Venue is proper within this District because the Yacht is located within this District.

5. The Defendant, Stefan Peter, is upon information and belief a citizen of Germany and cannot be found within the District within the meaning of Supplemental Admiralty Rule B(1)(a) and Local Admiralty Rule LAR(b)(1).

## Parties

6. Plaintiff, Mr. Leonard, is an individual domiciled in Annapolis, Maryland.

7. Upon information and belief, the *in rem* Defendant Yacht is registered with the state of Delaware.

8.     *In rem* Defendant, the Yacht, is a 2016 44' Riva Rivarama 44 Super. The Yacht is currently within the District of Maryland and is expected to be within the District while this action is pending.

9.     *In personam* Defendant, Stefan Peter, was at all relevant times the owner of the Yacht, and upon information and belief, is a citizen of Germany.

### Facts Common to All Counts

10.    Plaintiff is a yacht delivery captain in Maryland who provided delivery and repair services to the Yacht.

11.    Specifically, on or about July 14, 2023, Defendant Stefan Peter contracted with Plaintiff for Plaintiff to take the Yacht from Beaufort, North Carolina, to Annapolis, Maryland. The various correspondence that served as the agreement between the parties is attached hereto as Exhibit 1.

12.    Plaintiff daily rate was $650, per day. *See* Exhibit 1.

13.    Defendant Stefan Peter also agreed to pay for Plaintiff's expenses. *See* Exhibit 1.

14.    Defendant Stefan Peter did not want to pay for a second crewmember, so Plaintiff sought the assistance of a volunteer.

15.    Defendant Stefan Peter implicitly agreed to pay for the volunteer's expenses.

16.    On or about July 16, 2023, Plaintiff arrived in Beaufort, North Carolina for the delivery voyage.

17.    Upon his inspection of the Yacht, she was in a state of disrepair, unseaworthy and not fit to be delivered to Annapolis Maryland.

18.    Relying on the credit of the Vessel, and as part of the delivery preparation, Plaintiff cleaned the interior and exterior of the Yacht, so that the same could be habitable during the delivery.

19. Relying on the credit of the Vessel, Plaintiff purchased parts and serviced the Yacht to bring her to seaworthy condition for delivery to Annapolis, Maryland.

20. On or about July 23, 2023, relying on the credit of the Yacht, Plaintiff completed the delivery of the Yacht to Annapolis, Maryland.

21. Defendant Stefan Peter refused and continues to refuse to pay Plaintiff's seamen's wages.

22. Defendant Stefan Peter refuses to reimburse Plaintiff for the necessaries Plaintiff provided to the Yacht.

23. Upon information and belief, Defendant Stefan Peter intends to remove the Yacht from this District on or about September 5, 2023.

24. Accordingly, there are exigent circumstances such that, if this Court does not act in ample time for the Marshal to arrest the Yacht within two non-holiday working days, the Yacht will be removed from this District, leaving the Plaintiff without any way to secure his maritime lien against said Yacht owned by Defendant Stefan Peter. *See* Exhibit 3.

## COUNT I
### Claim for Necessaries
### (Supplemental Admiralty Rule C)

25. The preceding paragraphs are incorporated herein as if fully set forth.

26. Plaintiff, relying on the credit of the Yacht, furnished necessaries in the form of parts and labor. *See* Exhibit 1, Exhibit 2.

27. Plaintiff, relying on the credit of the Yacht, furnished necessaries in the form of his delivery services. *See* Exhibit 1, Exhibit 2.

28. Defendant Stefan Peter, the owner of the Yacht, has refused to pay Plaintiff for the aforesaid necessaries.

29.     Cumulatively, Plaintiff provided $10,798.36 in necessaries for which he has not been reimbursed. A breakdown of the necessaries Plaintiff furnished to the Yacht is attached hereto as Exhibit 2.

30.     Accordingly, Plaintiff has been damaged in the amount of $10,798.36.

31.     Plaintiff has a Rule C *in rem* claim against the Yacht for failure to pay for the necessaries that Plaintiff furnished on account of the Yacht, and he is entitled to execute the lien against the Yacht in this action before the Court.

## COUNT II
### Breach of Contract – *in Rem*
### (Supplemental Admiralty Rule C, Alternatively 46 USC § 11112)

32.     The preceding paragraphs are incorporated herein as if fully set forth.

33.     At all times relevant herein, Plaintiff was the master of the Yacht.

34.     Plaintiff entered into a maritime contract with Defendant Stefan Peter to deliver the Yacht from Beaufort, North Carolina, to Annapolis, Maryland.

35.     Accordingly, there existed a contractual obligation owed by Defendant Stefan Peter to Plaintiff.

36.     Pursuant to the agreement of the parties, Plaintiff's wages and payment under the contract for the aforesaid voyage were to be calculated at a rate of $650 per day, plus expenses. *See* Exhibit 1, Exhibit 2.

37.     Defendant Stefan Peter agreed to pay for Plaintiff's delivery services at a rate of $650 per day, plus Plaintiff's expenses.

38.     Following the completion of the delivery agreement and the delivery of the Yacht to Annapolis, Maryland, Defendant Stefan Peter has refused to pay Plaintiff his wages under the contract for delivery.

39. Defendant Stefan Peter's failure to pay Plaintiff under the maritime contract for the delivery of the Yacht constituted a material breach of said contract.

40. As a result of Defendant Stefan Peter's breach of contract and failure to pay Plaintiff's wages earned thereunder, Plaintiff has been damaged in the amount of $10,798.36, which represents amounts owed and unpaid on Plaintiff's daily rate and his expenses. *See* Exhibit 1, Exhibit 2.

41. Under the general maritime law, Plaintiff has a maritime lien for his unpaid wages and expenses against the Yacht.

42. Accordingly, Plaintiff has a Rule C *in rem* claim against Defendant Yacht for Defendant Stefan Peter's failure to pay Plaintiff his wages under the contract of delivery.

43. In the alternative, pursuant to 46 USC § 11112, Plaintiff has a claim, *in rem*, against the Yacht for failure of the Yacht's owner, Stefan Peter, to pay Plaintiff his wages, and Plaintiff is entitled to execute the lien against the yacht in this action before this Court.

## COUNT III
### Breach of Contract *in personam*

44. The preceding paragraphs are incorporated herein as if fully set forth.

45. Plaintiff entered into a maritime contract with Defendant Stefan Peter to deliver the Yacht from Beaufort, North Carolina, to Annapolis, Maryland.

46. Accordingly, there existed a contractual obligation owed by Defendant Stefan Peter to Plaintiff.

47. Pursuant to the agreement of the parties, Plaintiff's wages and payment under the contract for the aforesaid voyage were to be calculated at a rate of $650 per day, plus expenses. *See* Exhibit 1, Exhibit 2.

48. Defendant Stefan Peter agreed to pay for Plaintiff's delivery services at a rate of $650 per day, plus Plaintiff's expenses.

49. Following the completion of the delivery agreement and the delivery of the Yacht to Annapolis, Maryland, Defendant Stefan Peter has refused to pay Plaintiff his wages under the contract for delivery.

50. Defendant Stefan Peter's failure to pay Plaintiff under the maritime contract for the delivery of the Yacht constituted a material breach of said contract.

51. As a result of Defendant Stefan Peter's breach of contract and failure to pay Plaintiff's wages earned thereunder, Plaintiff has been damaged in the amount of $10,798.36, which represents amounts owed and unpaid on Plaintiff's daily rate and his expenses. *See* Exhibit 1, Exhibit 2.

52. Accordingly, Plaintiff has an *in personam* claim against Defendant Stefan Peter for his failure to pay Plaintiff under the maritime contract for the delivery of the Yacht.

## STATEMENT OF EXIGENT CIRCUMSTANCES

53. Upon information and belief, Defendant Stefan Peter intends to remove the Yacht from this District on or about September 5, 2023.

54. Accordingly, there exist exigent circumstances such that, if this Court does not act at once, the Yacht will be removed from this District, leaving the Plaintiff without any way to secure his maritime lien against said Yacht owned by Defendant Stefan Peter. *See* Exhibit 3.

**WHEREFORE**, Plaintiff Laurence Leonard prays:

a) That a warrant issue for the arrest of the Defendant Yacht and her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and

        belonging, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

b)     That Plaintiff be decreed to have a maritime lien *in rem* upon the Defendant Yacht, her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that such a lien be foreclosed in accordance with the law and thereupon that the Yacht be condemned and sold in payment of the amount due and all such other sums that are owed;

c)     That upon proper notice and hearing, judgment be entered against the Defendant Yacht, *in rem*, for the aforementioned damages in the amount of $10,798.36, or some higher amount to be determined at trial, plus pre-judgment interest, *custodia legis* expenses, U.S. Marshal's fees and expenses, attorneys' fees, and other recoverable litigation costs;

d)     That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to any person, firm or corporation who has recorded a notice of claim of an undischarged lien upon the Yacht,

e)     That this Court enter judgment jointly against Defendant Stefan Peter in the amount of $10,798.36, or some higher amount to be determined at trial, plus pre-judgment interest, post-judgment interest, attorneys' fees, and other recoverable litigation costs; and

f)     That such other and further relief be granted as this Court deems just and proper.

Respectfully Submitted September 2, 2023

*/s/ Todd D. Lochner*
Todd D. Lochner (Bar No. 25691)
tlochner@boatinglaw.com
*/s/ Chase A. Eshelman*
Chase A. Eshelman (Bar No. 29134)
ceshelman@boatinglaw.com
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
T: (443) 716-4400
F: (443) 716-4405
*Attorneys for Plaintiff*

## VERIFICATION
### Plaintiff Laurence Leonard

I, Laurance Leonard, being duly sworn, deposes and says:

I am the Plaintiff in this action and have read the foregoing Verified Complaint and know the contents thereof. The contents of the Verified Complaint are true to the best of my knowledge, information and belief, based upon my personal knowledge.

_____        08/30/2023
Laurence Leonard

-5-